IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROSA L. ARREDONDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:02-CV-0142 |
| | § | |
| JO ANNE BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff ROSA L. ARREDONDO, brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant JO ANNE BARNHART, Commissioner of Social Security (Commissioner), denying plaintiff's application for a term of disability, and disability benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
THE RECORD

Plaintiff applied for Widow's Insurance Benefits and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act on March 15, 1999 with an alleged onset date of July 1, 1998. (Transcript [hereinafter Tr.] 62-63). Plaintiff claims to have impairments including coronary artery disease, congestive heart failure, osteoarthritis of the

knees and diabetes. (Plaintiff's Brief at 2, 5).[1] It was determined at the administrative level that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17). Plaintiff was born September 15, 1948 and possesses a GED certificate. (Tr. 31). Plaintiff's past relevant work includes positions as a dishwasher and convenience store clerk. (Plaintiff's Brief at 4).

Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on April 5, 2001. (Tr. 27-44). On July 23, 2001, ALJ Gary L. Vanderhoof rendered an unfavorable decision, finding plaintiff not entitled to benefits at any time relevant to the decision. (Tr. 14-18). The ALJ determined plaintiff, "has the residual functional capacity for light work, consistent with the claimant's past relevant work as a convenience store cashier." (Tr. 18, Finding #7). On March 22, 2002, the Appeals Council denied plaintiff's request for review of the decision of the ALJ (Tr.8-9), rendering the ALJ's decision the final decision of the defendant Commissioner. Plaintiff now seeks judicial review.

## II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts;

---

[1] In his opinion, the Administrative Law Judge cites to both insulin dependent and non-insulin dependant diabetes. (Tr. 16, 18). Plaintiff has repeated this in her brief at 2 and 5. A review of the medical records appears to indicate plaintiff suffered from non-insulin dependent diabetes mellitus which was out of control due to "flagrant noncompliance," but that insulin was begun and control obtained. (Tr. 109, 110, 113, 114, 137, 138, 139, 143, 144, 146, 183, 187, 189, 285).

(2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94(5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence warrants a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not, and the case comes to federal court with review being limited to whether there was substantial evidence to support the ALJ decision.

## III.
## ISSUES

The ALJ made the determination that plaintiff is not disabled at Step Four of the five-step sequential analysis. Therefore, this Court is limited to reviewing only whether there was substantial evidence in the record as a whole supporting a finding that plaintiff retained the ability to perform her past relevant work, as a convenience store cashier, and whether the proper legal standards were applied in reaching this decision. To this extent, plaintiff presents the following issue:

> The Commissioner's decision that Ms. Arredondo was not disabled was not supported by substantial evidence in that the ALJ erred in determining that she

could return to her past relevant work as a hair stylist.[2]

## IV.
## MERITS

Plaintiff contends the medical evidence of record does not support a finding she can return to her past relevant work.  Plaintiff recites her medical history to include coronary artery disease, congestive heart failure, osteoarthritis of the knees and diabetes.  (Plaintiff's Brief at 2, 5).  At her hearing, plaintiff testified her major health problems include heart trouble which causes her feet to swell, diabetes, high blood pressure, rheumatic fever and rheumatoid arthritis.  (Tr. 33).  When asked which problem she considered to be the one preventing her from working, plaintiff said, "tiredness; the heart, you know, affecting me every time I do something, just taking too many nitro's.  I'm afraid of them."  (Tr. 41).[3]

Plaintiff's chief complaint is, "The ALJ did not conduct a meaningful evaluation of Ms. Arredondo's RFC in making his conclusion that she can perform work at the 'light' exertional level...."  (Plaintiff's Brief at 11).  Specifically, plaintiff argues the ALJ, "performed no meaningful evaluation of the requirements of Plaintiff's *specific job* as a convenience store clerk."  (*Id*., emphasis added).  However, as correctly cited by defendant, an individual's past relevant work may be the job as she actually performed it or as it is generally performed in the economy.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  In her disability application, Section 3, Information About Your Work (Tr. 67), and in her Work History Report, (Tr. 80),

---

[2] This is the only reference that plaintiff's past relevant work included hair styling.  The ALJ found plaintiff could return to her past work as a convenience store cashier, (Tr. 18) and the Court is of the impression that plaintiff's reference to hair stylist is a typographical error.

[3] Plaintiff is referring to nitroglycerin pills she takes when she gets chest pains.

plaintiff described her past relevant work as a convenience store cashier to include 8 hours of walking/standing per day with no sitting. Plaintiff also asserted she spent 1 hour each day kneeling and 1 hour crouching, and that she did no crawling, nor handling, grabbing or grasping of big objects. (*Id*.) Plaintiff stated she spent 1 hour per day writing, typing or handling small objects. (*Id*.). Further, plaintiff stated the heaviest weight she lifted was 20 pounds and that she frequently lifted 10 pounds. (*Id*.). "Light work," as defined by the Administration, involves lifting no more than 20 pounds at a time with frequent lifting of no more than 10 pounds, and, "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). As cited by the ALJ, plaintiff's own description of her past job as a convenience store cashier would fall into the "light" category. (Tr. 17).

The ALJ cited to a test called the Bruce Protocol[4] of which plaintiff completed 6.5 minutes, and noted according to the state agency consultive physician, this would have resulted in a RFC for light work. (Tr. 17, citing Tr. 330). He also referenced the opinion of Dr. Richard DeBenedetto completed in May of 1999 and stated,

> [A] recent medical evaluation revealed that the claimant has some crepitus in the right knee but there was no joint tenderness or bony abnormality or effusion. Moreover, the claimant's grip was normal, and there were no acute changes to suggest congestive heart failure. Further, no evidence of end stage organ damage was discerned secondary to her diabetes. Her chest pain appeared to be stable. She has osteoarthritis of the lower extremities but there is no evidence of radiculopathy. Hence, the objective medical evidence indicates that while the claimant may experience periodic episodes of chest pain, it is manageable by medication. The claimant walks unassisted; she can climb stairs, she is

---

[4] Although not readily found in the Dorland's Medical Dictionary, the undersigned assumes such test is a type of stress or treadmill test used to evaluate cardiovascular health and function.

>  independent in her activities of daily living; and she is able to lift objects
>  weighing twenty pounds or less.

(Tr. 17 *citing* Tr. 285-288, internal citations omitted).  Clearly, the ALJ did consider plaintiff's ailments as reflected in her medical records.  He made specific reference to such records and he listened to plaintiff's testimony about her limitations.  The ALJ could have found plaintiff's testimony regarding her limitations 100% credible, and, had he done so, might very well have found plaintiff disabled.  The ALJ did not find plaintiff entirely credible and this Court may not disturb that finding under the facts of this case.  Instead, the plaintiff's RFC as found by the ALJ, showed plaintiff able to perform light work, and based upon plaintiff's description of the job as she performed it, it simply cannot be said that the determination by the ALJ, that plaintiff could return to her past relevant work, was reversible error.  Additionally, as articulated by defendant, the ALJ was also free to rely on relevant vocational authority such as the *Dictionary of Occupational Titles* (*DOT*) for a description of the job of cashier as it is generally performed. (Defendant's Brief at 5).  The *DOT* lists twelve distinct cashier positions, all requiring a light exertional capacity or less.  (*Id*. at 6).  While plaintiff does suffer from several ailments, as reflected in her medical records, she is treatable with medication and by her own testimony, she does retain the ability for light work.  Thus, plaintiff has failed to show prejudice.  Plaintiff carries the burden at Step 4 to demonstrate the ALJ finding that she has the RFC to return to her past relevant work was error.  Plaintiff has failed to meet this burden.  For these reasons, plaintiff's claim must fail.

V.
## RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner be AFFIRMED.

VI.
## INSTRUCTIONS FOR SERVICE

The District Clerk is directed to send a copy of this Report and Recommendation to plaintiff's attorney of record and to the Assistant United States Attorney by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).